## Tunison *v.* Commonwealth, Appellant.

Argued March 22, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*George W. Keitel,* Deputy Attorney General, with him *B. Walker Sennett* and *James H. Duff,* Attorney General, for appellant.

No one appeared or filed a brief for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 20, 1943:

The facts of this case are undisputed. Plaintiff originally instituted suit against the Commonwealth to recover damages to her property which occurred in the course of improvements made by the Department of Highways to State Route 86. Viewers made an award to the plaintiff of $1,600.00 which was confirmed nisi, whereupon the Commonwealth appealed to the court of common pleas. The appeal resulted in a diminished verdict, and the Commonwealth does not now contest its liability for this reduced amount. It did file exceptions, however, to an order imposing the costs of the appeal upon it, and on dismissal of these exceptions by the lower court, the Commonwealth took this present appeal.

The narrow issue raised for this Court's determination is whether or not a court of common pleas has authority to direct the Commonwealth to pay costs in this land damage case involving the State Department of Highways. It is well established that at common law

costs were not recoverable by either party to the action. This is exclusively a creation of statute (*Morganroth's Election Contest Case,* 346 Pa. 327 (1943); *Musser v. Good,* 11 Serg. & R. 247), and in the absence of a statute imposing liability upon the Commonwealth for the payment of costs, no such liability exists. (*Gettysburg B. M. A. v. Sherfy,* 117 Pa. 256; *Commonwealth v. Commissioners of the County of Philadelphia,* 8 S. & R. 151; *Commonwealth v. Johnson,* 5 S. & R. 194; see 59 C. J. 332, §503). Moreover, it is axiomatic that a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication. *Baker et al. v. Kirschnek et al.,* 317 Pa. 225; *Commonwealth v. Trunk et al.,* 320 Pa. 270; see 59 C. J. 1103, §653.

We are of the opinion, however, that the Commonwealth may be charged with costs in the instant case under the Act of June 21, 1939, P. L. 651, Section 1, 36 PS 2442, which provides that: "In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right and just."

This controlling statute is applicable to *all* matters, proceedings and hearings relating to the exercise of the right of eminent domain, *without stipulation as to the party exercising such authority.* Moreover, the power of eminent domain, as an incident of sovereignty, has been exercised by the Commonwealth with increasing frequency as a result of the development and improvement of the State highway system. This recent expansion in the Commonwealth's use of its eminent domain

power and the general, comprehensive language of the statute vesting in the court wide discretion relative to the payment of costs in proceedings resulting from its exercise, compel us to decide that it was the legislative intention to include the Commonwealth within the import of the statute, as a party against whom the court may assess costs.

The courts of this Commonwealth have adopted the policy that statutes relating to costs are to be liberally interpreted in order to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims or in defending against unjust or unlawful ones. This, said Justice SHARSWOOD, is seen by the whole current of our decisions, and is the true spirit of the legislation of this state. *Steele v. Lineberger, et al.,* 72 Pa. 239; *Ford v. Neely,* 59 Pa. Superior Ct. 652. Such a liberal construction of the statute involved in the instant case would favor the plaintiff who petitioned for an assessment of damages and was willing to abide by the award of the viewers. The Commonwealth, being dissatisfied with the award, took an appeal and the costs in question were thereby incurred. While the Commonwealth did succeed in substantially reducing the amount of the award, no cogent argument has been advanced why the costs should not follow the verdict and be taxed against the appellant. It is, we think, an inescapable construction of the statute that the Commonwealth is by necessary implication included in its terms as a party against whom the court may assess costs.

Order and Judgment of the court below affirmed.