## Moore et al. v. Commonwealth

*Alexander, Clark & Stewart*, for plaintiffs.

*Warren M. Stone* and *Alexander C. Flick, Jr.*, for Commonwealth.

BRAHAM, P. J., fifty-third judicial district, specially presiding, July 30, 1943.—Should the costs in this eminent domain proceeding be placed upon plaintiffs or upon the Commonwealth? The petition avers that plaintiffs won an award of $8,100 before the board of view but that, upon appeal by the Commonwealth to the court of common pleas, the verdict was only $5,000. The answer of plaintiffs sets up that at no time did defendant offer more than $3,000 in settlement and hence plaintiffs were obliged to prosecute the case before the viewers and in court.

No evidence has been offered and the case is before us for decision on bill and answer. The effect of a hearing upon bill and answer is that "the averments of the bill must be accepted, in so far as not denied by the answer, and all averments in the answer which have bearing on the controversy will be accepted as true": 8 Standard Pa. Practice 230; Heisler v. Thomas Colliery Co. et al., 274 Pa. 448; Wentz v. Philadelphia et al., 301 Pa. 261.

The Act of June 21, 1939, P. L. 651, sec. 1, 36 PS §2442, authorizes the court to fix liability for costs in eminent domain proceedings, and in Tunison v. Commonwealth, 347 Pa. 76, it was held that costs may be placed upon the Commonwealth.

The case was a very interesting one. The farm of plaintiffs contained about 2,300 acres, traversed by the Brockenstraw Creek and Blue Eye Run and extending from the crest on one side of the valley to the crest on the other. Across the north side of the farm the Com-

monwealth built a road. It ran through plaintiffs' lands for about two miles and appropriated 20 acres of land, running parallel with a line of railroad track which also traversed plaintiffs' land. The construction of the new road was accompanied by the building of a spur between the new road and the old which crossed the railroad by a viaduct in the village of Garland at the west end of plaintiffs' property. Because of the viaduct the Commonwealth, by appropriate proceedings before the Public Utility Commission, was able to close two grade crossings, one of which was at the east end of plaintiffs' property. The result of the closing was to leave plaintiffs' main buildings, which had theretofore been on a through State highway, on a byroad with one end blocked and the road vacated by the township.

Two reasons are urged by the Commonwealth for placing the costs upon plaintiffs: First, the trial resulted in a verdict and judgment less in amount than the award of the viewers; second, both before the viewers and at trial plaintiffs attempted to recover damages for the closing of the grade crossings and the vacating of the road in front of their main buildings but without success.

There appear to be two reasons for not placing the costs upon plaintiffs: First, plaintiffs were obliged to go through a hearing before the viewers and a trial in court to obtain as much as they did and this was more than defendant was ever willing to offer; second, there is some evidence that when plaintiffs endeavored in the proceedings before the Public Utility Commission to secure damages for the closing of the road they were diverted from their purpose by the statement of the commissioner that such damage would be recoverable in the proceeding before the jury of view.

These costs must be paid by defendant. It was defendant rather than plaintiffs who appealed from the award of viewers, this circumstance distinguishing

Thompson v. Commonwealth, 44 D. & C. 237, where both parties appealed and each party was directed to pay his own costs. Here admittedly the Commonwealth never offered more than $3,000 in settlement. How were plaintiffs to get the amount of $5,000 which the jury found to be just and reasonable except by prosecuting their suit? The jury's finding a lesser amount of damages than the viewers is not determinative: Addison Borough School District v. Commonwealth, 41 D. & C. 378. There is no warrant in law, aside from statute, for apportioning costs because a party failed to recover all his claim: Ex parte Peterson, Receiver, 253 U. S. 300.

Although our statute may authorize an apportionment of costs it would be inequitable to do so in this case. The verdict in the common pleas was less than the award of the viewers, doubtless because the trial judge excluded all damage on account of the closing of the grade crossing and the vacation of the road. Yet plaintiffs' was not an untenable contention; it was honestly made and there was some unfortunate misunderstanding as to the respective scope of the proceedings before the Public Utility Commission and before the viewers which induced plaintiffs to refrain from pressing their claim before the commission.

Entertaining these views we make the following

### Order

Now, July 30, 1943, the petition of the Commonwealth to have the costs of this proceeding placed upon plaintiffs is refused and all the costs are placed upon the Commonwealth of Pennsylvania.