## Crouse et ux. v. Commonwealth

*Swope, Brown & Swope,* for petitioners.

*E. V. Bulleit,* for Commonwealth.

SHEELY, P. J., February 16, 1946.—The Commonwealth, by the exercise of its right of eminent domain, condemned certain real estate of Hobson D. Crouse and Pauline E. Crouse in the relocation of Legislative Route 42(1). The parties were unable to agree on a settlement of damages and a board of viewers was appointed. The board of viewers awarded claimants $3,500 and the Commonwealth appealed to the court of common pleas. Prior to trial counsel for the Commonwealth and counsel for claimants agreed to submit to their respective clients a compromise settlement of $3,000. This was accepted by the Commonwealth but rejected by claimants, and no further offers were submitted by either party. The trial resulted in a verdict for claimants in the sum of $3,125, upon which judgment was entered. Claimants then petitioned the court for an order directing the Commonwealth to pay the

costs and the Commonwealth filed an answer denying its liability for costs. The matter is now before the court on petition and answer.

The Act of June 21, 1939, P. L. 651, 36 PS §2442, authorizes the court of common pleas "to make such orders relative to the payment of the necessary costs incurred as to the Court shall appear right and just" in all eminent domain proceedings. Under this act the court may direct the Commonwealth to pay costs in a land damage case even though on appeal by the Commonwealth the amount of the award to the property owner is substantially reduced: Tunison v. Commonwealth, 347 Pa. 76 (1943). In that case the court said:

"The courts of this Commonwealth have adopted the policy that statutes relating to costs are to be liberally interpreted in order to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims or in defending against unjust or unlawful ones."

In the present case the Commonwealth was the mover throughout. It condemned the claimants' real estate and made it necessary for them to take steps to secure just compensation. The Commonwealth was the party not satisfied with the viewers' award, and it again made it necessary for claimants to establish their damages before a jury. All of the costs were incurred by reason of the proceedings taken by the Commonwealth and should be paid by it. While the Commonwealth was successful in reducing the award from $3,500 to $3,125 there is no allegation that claimants made an excessive or unjust demand at any time, and the final award was higher than the suggested compromise of $3,000 which was rejected by claimants.

And now, February 16, 1946, the rule issued on December 17, 1945, upon the Commonwealth to show cause why it should not pay the costs in the above entitled action is made absolute and the Commonwealth is directed to pay all costs incurred in said action.