Rush, Appellant, *v.* Allegheny County.

Argued April 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Elder W. Marshall,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Edward G. Bothwell,* First Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, *John J. O'Connell* and *Francis J. O'Connor,* for appellee.

OPINION BY DITHRICH, J., July 19, 1946:

This is an appeal from the discharge of a rule to show cause why the cost of preparing an engineer's plan of plaintiff's property, a portion of which was appropriated in an eminent domain proceeding, should not be taxed as part of the costs in the case and paid by the County of Allegheny.

On petition of plaintiff, viewers were appointed to assess damages for property taken, injured or destroyed, in the improvement by the County, of Moss Side Boulevard, a county highway. Although it is the duty of the county to furnish viewers with a plan of all properties affected and to furnish all owners of said properties with copies of said plan as provided by the Act of May 2, 1929, P. L. 1278, Art. 7, §525, 16 P. S. §525, in this proceeding for some unexplained reason that was not done. The county having failed in its duty in that respect, plaintiff had a plan of his own prepared by an engineer employed by him showing the effect of the improvement on his property. It was made use of by both sides before the viewers and in the court of common pleas on appeal from the award of the viewers.

Appellant bases his right to have the cost of preparing the engineer's plan taxed as part of the costs on Sec. 1 of the Act of June 21, 1939, P. L. 651, 36 P. S. 2442, which provides that: "In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right

and just." The Act of 1939 grants to the courts of common pleas the same authority and in the same language that had been granted to the courts of quarter sessions by the Act of May 19, 1887, P. L. 139, 36 P. S. 2441. In construing the Act of 1887, the Supreme Court in *Warriorsmark Tp. Road,* 126 Pa. 305, 17 A. 595, in an opinion by Mr. Chief Justice PAXSON, said, p. 317: "The object of that act was not to interfere with such matters as were already regulated by law, such as the compensation of viewers, but to provide for such costs as were not fixed by statute, such as taking depositions, *making surveys,* etc., when necessary, after the report of the viewers and exceptions had been filed." (Italics supplied.)

The precise question before the court was whether the act provided for the payment of reviewers upon a separate question of damages, and therefore the statement of the court as to the "object" of the act may be dictum, as contended by appellee, and not binding as an authority; but unless and until it is so declared it is entitled to great consideration and is highly persuasive. 21 C. J. S. Courts §190. The Act of 1887 having been so construed, it must be presumed that when the legislature enacted the Act of 1939 in precisely the same language and on the same general subject it intended the language to be similarly construed. The Statutory Construction Act of May 28, 1937, P. L. 1019, Art. 4, §52, 46 P. S. 552, provides in part that it is to be presumed: "(4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend the same construction to be placed upon such language; . . ."

The court below held that since it was the county's statutory duty to prepare such a plan and have it ready for the use of the viewers at the first meeting, ". . . plaintiff had a remedy . . . He could have petitioned this Court for a Writ of Peremptory Mandamus, . . ." We see no valid reason why plaintiff

should have been put to the additional expense and delay of a mandamus proceeding. Since, "The courts of this Commonwealth have adopted the policy that statutes relating to costs are to be liberally interpreted in order to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims or in defending against unjust or unlawful ones :" *Tunison v. Com.*, 347 Pa. 76, 79, 31 A. 2d 521, a liberal interpretation of the Act of 1939 should, in the particular circumstances of this case, have moved the court to include the preparation of the engineer's plan as part of the "necessary costs incurred." We do not wish to be understood as holding that a property owner is entitled to have the cost of preparing a plan of his property taxed as part of the costs in every proceeding to assess damages for the taking, injury or destruction of private property, but only where a county or the commonwealth, as the case may be, has failed to provide a plan.

The order is reversed and the rule made absolute.