## Hoesie et al. v. Yorke

240

*Thomas I. Guerin*, for plaintiffs.
*Philip S. Polis*, for defendant.
*James E. Grant*, for garnishee.

ALESSANDRONI, J., September 3, 1952.—Plaintiffs filed a complaint in assumpsit seeking the recovery of certain moneys deposited with defendant. Defendant filed an answer and counterclaim. The cause was tried by a judge and jury. Judgments were entered on the verdicts of the jury which were based on special findings. Judgment was entered for defendant on plaintiffs' claim and for plaintiffs on defendant's counterclaim. Costs were taxed by the prothonotary. Defendant issued a fi. fa. for costs and plaintiffs satisfied the claim by payment to the sheriff. Plaintiffs subsequently issued attachment sur judgment for costs against defendant. Defendant petitioned for a rule to show cause why the attachment should not be dissolved.

Plaintiffs first argue that this is a collateral attack on the judgment. It is difficult to appreciate the force of this argument. Nowhere has the judgment on defendant's counterclaim been attacked directly or indirectly. Hence, there is no merit in this contention.

The only question is that of the costs. Normally, costs follow the judgment: 15 Standard Pa. Practice 456. The statutes dealing with costs are to be liberally construed to justly compensate parties who have been obliged to incur expenses in prosecuting lawful claims or defending against unjust claims: Tunison v. Commonwealth, 347 Pa. 76.

Stahl et al. v. Erie Delivery Company, 31 D. & C. 429, contains a review of the decisions on this point

of several other jurisdictions. The court there adopted the rule that where there is a complaint followed by a cross-complaint (that case dealt with a trespass action) and both parties suffered adverse verdicts on their respective complaints, plaintiff, the aggressor, was bound to pay the costs. With the court's conclusion, we agree.

Although it is a matter of conjecture, as far as the record is concerned, we must conclude that the cross-complaint, here the counterclaim, would not have been filed but for plaintiff's action. Since he is the aggressor, and since he, further, suffers an adverse verdict, he must bear the costs. In the instant case, plaintiffs suffered defeat; the fact that they defeated defendant's counterclaim does not alter the result. Plaintiffs forced defendant to come into court. Such action, plus the failure to prevail, requires that they pay the costs. Under such circumstances, defendant is not liable for costs even though his counterclaim is defeated.

*Order*

And now, to wit, September 3, 1952, defendant's rule to show cause why the attachment sur judgment should not be dissolved is made absolute.