## Commonwealth v. Bricker

*Elmer T. Bolla,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth.

*Joy Bricker,* p.p., appellant.

SATTERTHWAITE, *J.,* April 28, 1961.—Appellant's 1959 motor vehicle operator's license had been suspended by the Secretary of Revenue by reason of her alleged nonpayment by proper check of the $1 fee therefor, the suspension being statedly based on former section 615(a), now section 618(c), of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §618(c); it was

imposed for a 15-day term "and until such time fee has been paid."

The within appeal was filed after the expiration of the 15-day period, and counsel for the secretary moved to strike off the same on the ground that it had, therefore, become moot. We denied this motion for the reason that the record did not disclose that the secretary would agree that the $1 fee had been paid, and the consequent belief that the suspension order would still be insisted upon and reinstated if the supersedeas allowed when the appeal was filed should be lifted. Subsequently, rather than go to the trouble and expense of litigating such a petty and trivial matter, counsel for the secretary himself paid the $1 fee and produced a copy of a letter from the Bureau of Traffic Safety, Department of Revenue, agreeing that the matter was cleared on its records. We thereupon entered an order dismissing the appeal on the grounds that the propriety of the suspension had become moot by lapse of time and payment of the fee requested. On the former subject, compare Hall License, 89 D. & C. 287. Said order, entered August 19, 1960, still stands unimpeached and no appeal was taken therefrom; it made no disposition of, nor even any reference to, the question of costs.

Thereafter, the prothonotary billed appellant for the unpaid filing and docket costs in the matter. She thereupon filed the within motion upon which we granted a rule to show cause why the costs of the appeal should not be placed upon appellee, and it is the disposition of this rule, after argument thereon, which is the only matter presently before the court.

The rule must be discharged. The right to impose or recover costs in a proceeding based on a statute must be found in the statute; otherwise it does not exist: Smith Case, 381 Pa. 223, 232, and cases cited: Scott Township Appeal, 388 Pa. 539. No such authori-

zation in this type of proceeding is contained in The Vehicle Code, and we have neither found nor been referred to any other relevant legislation on the subject. Moreover, by reason of the general immunity of the sovereign, costs cannot be placed upon the Commonwealth even under a statutory provision unless the legislative intention to do so is clearly manifest, either by express terms or necessary implication: Tunison v. Commonwealth, 347 Pa. 76, 78.

Even if we assume, therefore, that the within appeal was disposed of for all practical purposes as though appellant had been successful on the merits, she still could not impose costs on the Commonwealth. There simply is no authority therefor. Whether she is liable to the prothonotary under the fee bill contained in the Act of June 28, 1947, P. L. 983, as amended, 17 PS §1583, for any or all of the charges contained in his invoices we do not decide. We have made no order on the subject, and the question is not now before us.

## Order

And now, April 28, 1961, for the reasons stated in the foregoing opinion, the within motion is hereby denied and the rule granted thereon discharged.