## Reade v. Commonwealth

748

*Leonard M. Mendelson*, for plaintiff.

*M. J. O'Malley*, for Commonwealth.

WEIR, J., July 2, 1964.—This is an ancillary issue arising in an eminent domain case wherein the Highways Department of the Commonwealth damaged residential property by a partial taking. The sole question involved is the propriety of taxing as costs against the Commonwealth the engineering fee incurred by the condemnee in the preparation of the plan of the property which was used in the legal proceedings. The Act of April 27, 1925, P. L. 310, sec. 1, 26 PS §1, provides:

"In all proceedings to assess damages for the taking, injury, or destruction of private property for public use, the corporations or individuals taking, injuring, or destroying property for said purpose shall furnish the board of viewers with a correct plan of all properties affected, showing all buildings or other structures thereon, their width, length, elevation, and cubical contents, names of all owners, tenants or occupiers thereof, the topography of the land, and the grades and widths of all highways running through or abutting on said properties, and all other data necessary for a proper determination of the amount of damages caused by the taking, injury, or destruction of said private property."

This has been held to apply to the Commonwealth: Mays v. Commonwealth, 35 Berks 123 (1943); but

since this mandate is not uniformly enforced by all counties, the State Highways Department as a general practice does not prepare such plans.

The Board of Viewers of Allegheny County does require a plan before acting in any case, and since the Commonwealth does not supply the plan, it is customarily provided by the property owners who are permitted to be reimbursed by adding it to the record costs.

The State Highways Department normally acquiesces in this procedure, but refused to do so in the present instance because this engineering fee in the amount of $725 is greatly in excess of the charge which is usually encountered for the production of such plans. This resulted from the fact that shrubs and trees which constituted an important part of the claim were shown in great detail. The engineer was ready and willing to support his bill by proving manhours devoted to the task by his staff and himself, and the court suggested that such testimony be received and that the jury answer a special interrogatory in relation to the fairness and the reasonableness of the engineering fee. This was agreeable to the property owner, but counsel for the Commonwealth did not feel free to bind his principal in this manner, although he in effect conceded that there was no padding of the bill in relation to the amount of work which was done. The position of counsel for the Commonwealth is simply that a plan of such complexity was unnecessary and he therefore invokes the alleged right of the Commonwealth to refuse payment entirely. The court finds as a fact that the engineering fee in this case is fair and reasonable for the plan which was produced, and that neither the engineer nor the property owner had any reason to believe that they were required to produce a simpler and less expensive plan.

The Act of June 21, 1939, P. L. 651, sec. 1, 36 PS §2442, provides.

"In all matters, proceedings and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right and just."

The foregoing, especially in light of the decision in Tunison v. Commonwealth, 347 Pa. 76 (1943), which held that costs in eminent domain cases can be charged to the Commonwealth and that statutes relating to costs are to be liberally construed, indicates that the reasonable costs for the preparation of a viewers' plan can be taxed against the sovereign.

Therefore, justice and equity require that this engineering fee be permitted to be taxed as a part of the costs of the case. If the State Highways Department wishes to avoid such results in the future, it can easily do so by providing viewers' plans of its own as the statute contemplates.

### Order

And now, this July 2, 1964, it is hereby ordered, adjudged and decreed that the engineering fee for preparing the viewers' plan and the record costs of this ancillary proceeding be and are hereby charged to the Commonwealth of Pennsylvania as part of the costs of the within case, and permitted to be filed as such.

Eo die, exception noted to defendant, Commonwealth of Pennsylvania, and bill sealed.