### Fulton National Bank of Lancaster v. Haygood

*Barley, Snyder, Cooper & Mueller,* for exceptant.
*Charles V. Snyder, Jr.,* contra.

BUCHER, J., July 2, 1973.—The issue in this case is whether a premium of $192, paid by the Sheriff of Lancaster County to Commonwealth Land Title Company for a "distribution policy" incident to an execution sale of real estate, is properly taxable as costs payable by the execution creditor.

We must start with the proposition that no costs were allowed in any proceeding at common law. The right to costs is, therefore, dependent upon statute or rules of court. See Costs, 20 C.J.S. §2, p. 259; Tunison v. Commonwealth, 347 Pa. 76; City of Johnstown Annexation, 19 D. & C. 2d 731.

The sheriff seeks to justify this item of costs by invoking Pennsylvania Rule of Civil Procedure 3136(c), which reads as follows:

"(c) In sales of real property the sheriff shall attach to the schedule a list of liens upon the property sold as certified to him from the record by the proper officers or a guaranteed search from any title company authorized to do business within the county. The cost of certifying the list of liens or the title search, the acknowledgment, recording and registry of the deed and transfer or documentary stamps shall be charged as an expense of distribution."

The plain language of this section authorizes the sheriff to obtain a certification from the various officers having custody of lien records or to secure a "guaranteed search" from a title company. Section (c) neither expressly nor impliedly authorizes the sheriff to tax as costs the premium on a distribution policy of insurance. Statutes and rules relating to costs must be strictly construed.

For the foregoing reasons, the court makes the following

## ORDER

And now, July 2, 1973, the exceptions to the sheriff's schedule of distribution are sustained and the sum of $192, representing the cost of title insurance, is stricken as an item of costs.