Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Peter DePaul and Eugene DePaul, Trading as Tony DePaul & Son, Respondents.

Argued September 15, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for petitioner.

*Alan C. Gershenson,* with him *Marvin Comisky,* and *Blank, Rome, Klaus & Comisky,* for respondents.

OPINION BY JUDGE WILKINSON, JR., October 20, 1977:

This case stems from our decision in *Pennsylvania Department of Transportation v. DePaul,* 29 Pa. Commonwealth Ct. 447, 371 A.2d 261 (1977) in which we affirmed an order in the amount of $396,300.20 of the Board of Arbitration of Claims (Board) in favor of respondents' interpretation of a contract to install traffic signals in Philadelphia. On appeal to this Court, the petitioner on September 9, 1976 filed its Statement of Issues and Record Designation to effect an accelerated reproduction of the record pursuant to Pa. R.A.P. 2154(b). However, it was not until September 28, 1976, 9 days after the allowable time under

Rule 2154(b), that respondents supplied petitioner with parts of the record they wished included in the record. Unable at that point to have their designations included in the petitioner's record, respondents then caused to be reproduced at their own expense a supplemental record, being the transcript of the testimony before the Board. Upon our affirmance of the Board's order, respondents filed a Bill of Costs with this Court pursuant to Pa. R.A.P. 2741(2) seeking to have assessed against petitioner the cost of printing its brief ($86.78) and the supplemental record ($2,-236.34). Petitioner filed exceptions contending, *inter alia*, that the general immunity of the sovereign prevents the assessment of costs against it, or alternatively, that respondents cannot prevail because it was the respondents' own failure to comply with the Rules of Appellate Procedure that caused the printing cost for the supplemental record for which reimbursement is now sought. We agree with the latter but not the former argument.

In *Tunison v. Commonwealth,* 347 Pa. 76, 31 A.2d 521 (1943) our Supreme Court held that costs may not be imposed against the Commonwealth in the absence of a statute and the legislative intention to do so must be clearly manifest either by express terms or necessary implication. Following *Tunison* in *Richmond v. Pennsylvania Higher Education Assistance Agency,* 6 Pa. Commonwealth Ct. 612, 297 A.2d 544 (1972) we denied costs for a hearing transcript because the statute creating the Pennsylvania Higher Education Assistance Agency was totally silent as to hearing costs. In the case here, however, the statute creating the Board of Arbitration of Claims expressly provides that costs may be placed against the Commonwealth by the Board. Section 8 of the Act of May 20, 1937 (Act), P.L. 728, *as amended,* 72 P.S. §4651-8. We are faced then with the question: does the statute

by necessary implication clearly manifest a legislative intention that the Commonwealth may be assessed costs where it takes an appeal from the Board's award?

We answer in the affirmative. As this Court has repeatedly said the Act creating the Board of Arbitration of Claims effectively waives the Commonwealth's immunity from suit with respect to claims arising from contracts. *Kreider v. Pennsylvania Human Relations Commission,* 9 Pa. Commonwealth Ct. 491, 308 A.2d 642 (1973). As such, the plain import of the Act is to place the Commonwealth in the position of a private litigant with respect to those contracts. *Pennsylvania Turnpike Commission v. Sanders & Thomas, Inc.,* 12 Pa. Commonwealth Ct. 145, 316 A.2d 127 (1974). This conclusion is further supported by the express power of the Board to assess costs against either the Commonwealth or the claimant.[1]

With regard to Pa. R.A.P. 2741, it has long been the policy of the courts of this Commonwealth to liberally interpret rules relating to costs in order to justly compensate parties who have been obliged to incur necessary expenses in prosecuting lawful claims or in defending against unjust or unlawful ones. *Tunison, supra.* In this case, the respondent was willing to abide by the order of the Board and it was the Commonwealth who was dissatisfied and took the appeal thereby causing costs to be incurred. Under such circumstances, the Commonwealth has advanced no argument other than its general immunity as to why costs should not follow the verdict here as in *Tunison, supra.*[2]

---

[1] For an analysis of the taxing of costs see Judge MENCER's opinion in *Taged, Inc. v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 331, 295 A.2d 339 (1972).

[2] Petitioners also suggest this Court's modification of the Board's order with respect to the interest portion of the award subjects

Having concluded that the Court has the authority to assess costs against the Commonwealth, we turn now to a consideration of which costs are assessable. Beyond its general immunity, the petitioner does not challenge the imposition of costs for respondents' brief. However, the petitioner does contend, and we agree, that respondents are precluded from recovering costs for reproduction of the supplemental record. The uncontroverted facts set forth in petitioner's brief show respondents failed to supply the petitioner with their record designations within the 10-day period specified in Pa. R.A.P. 2154(b) and that when respondents did supply designations 9 days after the allowable time petitioner was unable to have these designations printed with its record and still meet its own time requirements for filing with this Court. Unable to have what they viewed as important parts of the transcript included in petitioner's record, respondents were compelled to have a supplemental record reproduced at their own cost.

Pa. R.A.P. 2156 regarding supplemental records states in pertinent part, "When, because of exceptional circumstances, the parties are not able to cooperate on the preparation of the reproduced record as a single document, the appellee may . . . file a Supplemental Reproduced Record. . . ." The rule clearly contemplates more than one record only where agreement on the mechanics of a joint effort collapses without affording sufficient time to file under the Rule. *See* note, Pa. R.A.P. 2156. Under the Rule the Court may suppress a supplemental record which has been separately reproduced without good cause and likewise we think the Court should properly deny costs where it

the respondents' claim to the rule in Pa. R.A.P. 2741(3). We do not find this contention persuasive. It is subparagraph (5), providing for costs as ordered by this Court in cases where the order on appeal is affirmed or reversed in part, that obtains.

has not been demonstrated that the respondents attempted to comply with the Rule. Here the respondents have not shown any extenuating circumstances regarding any negotiations on a joint printing effort. Rather respondents indicate in their brief that they chose unilaterally to cause the entire transcript to be reproduced. Such an action is clearly contrary to the purpose. as well as the literal language of the Rule. Rules of Court, promulgated for the orderly administration of justice, cannot be ignored absent clear injustice. *Thornbury Township v. Jones,* 6 Pa. Commonwealth Ct. 69, 293 A.2d 149 (1972). By timely designation it is quite conceivable that petitioner would have included those portions of the record in its record designation respondents thought necessary.

Accordingly, we will enter the following

### ORDER

Now, October 20, 1977, it is hereby ordered that respondents' Bill of Costs in No. 1421 C.D. 1976 for respondents' brief in the amount of $86.78 be granted and its Bill for $2,236.34 for their Supplemental Reproduced Record be denied.