## Guido v. Greensburg Salem School District

Before Keim, *P.J.*, McCormick and Mihalich, *JJ*.

*Costello & Berk*, for plaintiffs.
*W. Arch Irvin* and *Arthur J. Murphy, Jr.*, for defendants.

KEIM, *P.J.*, June 13, 1978—This matter is currently before the court en banc upon a petition for rule to show cause filed by plaintiffs on defendants asking why certain items of costs should not be paid by defendants pursuant to a settlement agreement.

## I. HISTORY

This is a trespass action brought by plaintiffs for personal injuries received by minor plaintiff, Mary Ellen Guido, when she was burned by hot oil while a student at Greensburg Salem Junior High School on December 3, 1974. During the trial of this case in February, 1978, before the Honorable Charles H. Loughran, the parties arrived at a settlement of the litigation, which was approved by the court. Aside from the agreement of the amount to be paid to plaintiffs on their causes of action, it was also agreed by the parties that plaintiffs would be entitled to those costs to which the law entitled them as the successful party. That is, defendants agreed to pay those costs of plaintiffs which plaintiffs would have been entitled to had the case gone to verdict in favor of plaintiffs, and judgment rendered thereon.

On the same day that settlement was approved by the court, plaintiffs filed a bill of costs, which included three items which defendants now claim that they are not obligated to pay. Those items relate to certain deposition expenses incurred by plaintiffs prior to trial, namely, (a) The costs to plaintiffs of a videotape deposition of Dr. John Gaisford in the amount of $220.20; (b) The costs to plaintiffs for cancellation of a videotape deposition of Dr. Gaisford in the amount of $37.50; and (c) The

cost to plaintiffs of obtaining a transcript of the deposition of Mary Ellen Guido in the amount of $53.20.

The videotape expenses were the actual costs incurred by plaintiffs in the taking of the deposition of minor plaintiff's physician, Dr. John Gaisford, which videotape deposition was to be used at the trial of the case. These costs do not include the fee which Dr. Gaisford charged for his expert testimony, but are the actual expense of hiring the videotape operators and their equipment to produce the deposition on videotape.

The second item was an expense incurred by plaintiffs when the initial videotape deposition of Dr. Gaisford scheduled by plaintiffs was cancelled at the request of counsel for defendants. The charge of $37.50 was the charge made by the videotape operators under an agreement whereby a cancellation fee must be paid where the deposition is cancelled without at least 48 hours advance notice.

The third item of record costs claimed by plaintiffs is the cost to plaintiffs of obtaining a copy of the transcript of the deposition of minor plaintiff, Mary Ellen Guido, which had been scheduled by defendants.

Plaintiffs have filed a petition for rule to show cause on defendants why the three items of costs listed above should not be paid by defendants, pursuant to the settlement agreement. It is understood that defendants will be responsible to pay these costs only if plaintiffs could have recovered the costs as the successful verdict winners at trial. Answers to the petition and rule have been filed by defendants, and the matter is at issue before the court en banc.

## II. DISCUSSION AND FINDINGS

It is axiomatic that no costs were allowed in any proceeding at common law and the right to costs is dependent upon statute or rules of court. See Costs, 20 C.J.S. §2, 259; Tunison v. Com., 347 Pa. 76, 31 A. 2d 521 (1943).

The rule of court on which plaintiffs rely as authority for taxing the three items of costs against defendants reads as follows:

"W 4026. Costs.

"The costs of all depositions filed in any cause shall be taxed and allowed as part of the costs."

Defendants are apparently relying on the word, "filed," of the rule in their refusal to pay the videotape deposition cost, presumably because the videotape deposition is not normally "filed" with the prothonotary, as is the transcript of an oral deposition. The videotape deposition rule reads in pertinent part as follows:

"Pa.R.C.P. 4017.1 Videotape Depositions.

"a. Any deposition to be taken upon oral deposition may be recorded by videotape without a stenographic transcript. Except as otherwise provided by this rule, the rules of this chapter governing the practice and procedure in depositions and discovery shall apply.

". . .

"f. The attorney for the party taking the deposition shall take custody of and be responsible for the safeguarding of the videotape and shall permit the viewing of and shall provide a copy of the videotape or the audio portion thereof upon the request and at the cost of a party.

"g. In addition to the uses permitted by Rule 4020

a videotape deposition of a medical witness or any witness called as an expert, other than a party, may be used at trial for any purpose whether or not the witness is available to testify.

"h. At a trial or hearing, that part of the audio portion of a videotape deposition which is offered in evidence and admitted, or which is excluded on objection, shall be transcribed in the same manner as the testimony of other witnesses. The videotape shall be marked as an exhibit and shall remain in the custody of the court."

An examination of Pa.R.C.P. 4017.1 reveals that no provision is made for "filing" the videotape, which must be retained in the custody of the attorney for the party taking the deposition. Inasmuch as no stenographic transcript is required, there is normally no transcript that could be filed. It is not until the videotape is actually used at trial that the rule requires a stenographic transcript, and the videotape is then marked as an exhibit and remains in the custody of the court.

Rule W4026 of Westmoreland County is the former Westmoreland County Rule 6074, which was promulgated on July 1, 1954. Obviously, at the time this rule was initially drafted and promulgated, there was no such thing as a videotape deposition, and the rule does not expressly take into account the peculiarities of the videotape deposition procedure.

Although the rule in question does not take into account the peculiarities of a videotape deposition, plaintiffs argue that the rules are to be liberally construed. As such, plaintiffs argue, the court is requested to interpret the rule to include costs of videotape deposition. See Tunison v. Com., supra.

Plaintiffs further point out other examples under the Pennsylvania Rules of Civil Procedure, wherein the court is permitted to order the payment of other reasonable expenses, for example, attorney's fees if a deposition is to be taken more than 100 miles from the court house. Plaintiffs further argue that the videotape deposition is an indispensable tool in the litigation process and that it is necessary to use the videotape deposition to get medical witnesses into court in many circumstances.

However, as is pointed out by defendants, and as acquiesced to by plaintiffs, the rule does not specifically provide for cost absent the "filing" of the deposition. As mentioned by defendants, those examples utilized by plaintiffs in pointing to circumstances wherein the court may award payment of expenses or certain deposition costs are intended as exceptions to the general rule for the reason that they are in fact intended to be used in unusual circumstances.

This court most certainly agrees that the videotape deposition is an indispensable tool in the litigation process and that it is an efficient utilization of witness time. However, as is pointed out by plaintiffs and defendants, it is a substitution for actual appearances of the witness in court. As defendants argue, utilization of the videotape deposition makes it unnecessary for the witness to appear in court. If the witness were to appear in court, the only cost to be imposed would be a mileage fee and a standard witness fee. Defendants argue, and with defendants' argument, the court must agree, that the fact that a videotape deposition is made should create no greater obligation on defendants in this case beyond the mileage and standard witness fee.

Defendants cannot be taxed with costs beyond that point in this particular case.

In addition, when searching for a construction of Rule W4026, the court also came to the conclusion that this particular rule was promulgated with the idea of discovery in mind. The videotape deposition, as has been pointed out above, is not utilized for discovery, but rather as a substitute for in-court testimony.

The court, therefore, finds that as a matter of law, those witness fees claimed by plaintiffs as a result of the videotape deposition are not taxable costs.

The third item of cost claimed by plaintiffs is that cost of obtaining a transcript of the minor plaintiff's deposition. The bone of contention here is simply whether or not "costs" goes beyond those charged by the court reporter for the original transcript which is filed.

Plaintiffs argue that obtaining a copy of a deposition called for by the opposing party is necessary for preparation for trial and for use during the trial itself. Plaintiffs further argue that a copy of a transcript deposition is a necessity in the litigation process whether the transcript concerns the testimony of a witness of an opposing party or of that party itself. The court cannot and does not disagree with plaintiffs' position; however, it must point out that the rule does not expressly deal with litigation process necessities. If it did, imposition of costs would be required for the cost of photographers, charts, diagrams, investigation, and all other expenses necessary to the litigation process. For that reason, the court finds that those costs to plaintiffs of obtaining a transcript of the deposition of Mary Ellen Guido is not a taxable cost.

In the event videotapes are to be used in lieu of depositions or as depositions, it is our opinion that the rules of court should be amended accordingly, or an entirely new rule adopted.

## ORDER

And now, June 13, 1978, it is hereby ordered, adjudged and decreed that the rule to show cause filed by plaintiffs in the above captioned matter be discharged and judgment entered in favor of defendant Gloria Cannillo.