449 A.2d 28

**Anthony KOJESZEWSKI and Beverly Kojeszewski, Appellants,**

**v.**

**BRIGANTINE CASTLE AND AMUSEMENT CORPORATION.**

Superior Court of Pennsylvania.

Submitted March 10, 1982.

Filed July 30, 1982.

Edwin P. Smith, Philadelphia, for appellants.

Joel Feldscher, Philadelphia, for appellee.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

WICKERSHAM, Judge:

On September 8, 1977, Anthony and Beverly Kojeszewski filed a complaint in trespass against Brigantine Castle and Amusement Corp. alleging basically that on or about June 30, 1977, Anthony Kojeszewski was a paying customer upon premises at 1400 Brigantine Avenue, Brigantine, New Jersey, which property defendant owned and operated as an amusement facility. On said occasion plaintiff alleged that he "was caused to fall down a flight of stairs due to the absence of illumination at said location." Beverly Kojeszewski joined in her husband's complaint alleging loss of society and consortium and other damages.

The case came on for jury trial before the Honorable Charles Wright and on March 7, 1980 a verdict was returned in favor of the plaintiff in the amount of $42,250.00.

Thereafter counsel for the plaintiffs filed a bill of costs as follows:

BILL OF COSTS

| | |
|---|---|
| Sheriff's costs | $ 17.35 |
| Prothonotary costs | 83.00 |
| Witness fee-Anthony Kojeszewski, Jr. | 5.00 |
| Tobyhanna, Pa.; 200 miles | 20.00 |
| Oral depositions | 98.15 |
| Video depositions and testimony | 722.55 |
| TOTAL | $946.05 |

to which defendants objected:

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS

. . . .

Defendant also objects to the charge for the transcripts of the oral depositions and the costs of the video depositions and testimony in the amounts of $98.15 and $722.55, respectively as said items are not taxable.

Following the submission of briefs, Judge Wright issued an order dated June 6, 1980, denying the charge for deposition transcripts and the cost for video tape deposition and testimony. His order read as follows:

## ORDER

AND NOW, to wit, this /6/ day of /June/, 1980, it is hereby ORDERED AND DECREED that:

1. Plaintiffs' Bill of Costs namely:

(a) $98.15 charge for deposition transcripts, and

(b) $722.55 cost for video tape deposition and testimony

is denied.

. . . .

From this order this appeal has been brought.[1]

Judge Wright, in his opinion *sur.* Pennsylvania Rule of Appellate Procedure 1925, filed October 31, 1980, said:

1. Appellants frame the issues on appeal in the following manner:

Plaintiffs, in their memorandum supporting the petition for bill of costs correctly state that at common law costs were not recoverable by either party to litigation and that the right to recover costs is purely statutory. *Tunison v. Commonwealth*, 347 Pa. 76, 31 A.2d 521 (1943); *Application of Smith*, 381 Pa. 223, 112 A.2d 625 (1955). He states further that statutes which authorize the recovery of costs are to be liberally construed. *Rush v. Allegheny County*, 159 Pa.Super. 163, 48 A.2d 46 (1946). . . .

. . . .

Although the Pennsylvania Rules of Civil Procedure prescribe the transcribing of testimony in mandatory terms, the rules do not provide generally for the assessment of costs of depositions. Pa.R.C.P. 4017(b). See also Goodrich Amram, 2d 4020(a):15. Reference to assessment is found only in Pa.R.C.P. 4019(d) in the case of unjustified refusal to admit under Pa.R.C.P. 4014. Except in this special situation the assessment of costs is to follow the practice prior to the adoption of the Rules of Civil Procedure. Goodrich Amram 2d 4020(a):15. A study of the practice preceding the adoption of the rules shows that the costs of recording and transcribing the deposition cannot be assessed as costs in the action.

. . . .

The Court finds that this refusal is further supported by reason and equity. In this case by virtue of depositions and videotapes, the plaintiff had available as part of his case testimony of two witnesses one lay and one expert and highly qualified. Unquestionably, the expert witness would have required sums far in excess of the usual witness fee to make a personal appearance in court to give testimony. No part of this fee would, however, be recoverable as costs. Clearly the cost of taking depositions and videotapes was far less than would have been the cost to plaintiff to produce this witness in court at the time of

Are the costs of obtaining and presenting testimony at trial by oral and video-taped deposition recoverable as costs to the successful party?
Brief for Appellants at 2.

trial. We, therefore, have no hesitancy in concluding that the taxation of the costs of taking and transcribing the depositions in this matter is improper and that these costs must be disallowed.

Lower ct. op. at 2–5.

Appellant urges upon us in his brief that the Statute of Gloucester, 6 Edw. I, C. 1, Rob. Dig. 107 is in force in Pennsylvania and authorizes the recovery of full costs where the damages are recovered in a common law forum, unless this right be restricted by statute.

In *Richmond v. Pennsylvania Higher Education Assistance Agency*, 6 Cmwlth.Ct. 612, 297 A.2d 544 (1972), it was held that:

We are urged to accept the Statute of Gloucester, 6 Edw. 1, c. 1 (1275), which is still in force in Pennsylvania (but ceased to have effect in England after 1875), as requisite statutory authorization. It is true that this statute and several other ancient English acts initiated the principle that a prevailing party is entitled to his costs, and, as a general rule of law, this principle still obtains in the Commonwealth. *See Taged, Inv. v. Zoning Board of Adjustment and Shields*, 6 Pa. Commonwealth Ct. 331, 295 A.2d 339 (1972). But the Statute of Gloucester extends only to cases where damages are recovered in a common law forum, and then only if the damages were recoverable at common law. *Black's Appeal*, 106 Pa. 344, 15 W.N.C. 308 (1884); *Cameron v. Paul*, 11 Pa. 277 (1849); *see also* Annot., 12 A.L.R. 721, 723 (1921). As Sir Edward Coke said, '[I]t extendeth to all the legall cost of the suit, *but not to the costs and expences of his travell* and losse of time. . . .' E. Coke, *Second Institutes* 288 (1642) (emphasis added). [L]iberal construction is to be given statutes providing for costs, *Steele v. Lineberger*, 72 Pa. 239 (1872), . . . .

*Id.* 6 Cmwlth.Ct. at 615, 297 A.2d at 546.

At common law, costs were not recoverable by either party to the action. If plaintiff failed in his action, he was punished by amercement pro falso clamore, and if the

judgment was against the defendant, he was punished in misericordia cum expensis litis, but costs were not expressly given by name.

The right to recover costs in litigation is, therefore, purely statutory; normally costs can be imposed only by statute, and the power to impose costs in a proceeding based on a statute must be found in the statute. In the absence of express statutory authorization, a successful party cannot recover costs. Further, the right exists only to the extent authorized by the legislative enactment.

Originally costs were given rather as a punishment of the defeated party for causing the litigation than as a recompense to the successful party for the expense to which he had been subjected.

Although the courts have no implied or inherent power to award costs, statutes which make it the duty of the court to decide and direct who shall pay costs place the matter of costs within the control of the court.

9 P.L.E. Costs, §§ 4, 11–12 (footnotes omitted).

Pennsylvania was one of the first states to authorize videotape depositions. Although adopted in April, 1973 as part of a 2-year experimental program, Rule 4017.1 appears to have worked well in practice. As a result, the Rule was not changed by the 1978 amendments.

Some States have adopted elaborate and detailed rules for videotape procedure, designed to cover minute details of its use. Rule 4017.1 adopts the alternative procedure of providing a skeleton of the essential features which must be regulated, and no more. The rest is left for development in actual practice with specific authorization to the trial courts to try out various methods of solving the problems which will arise.

Goodrich-Amram 2d, § 4017.1:1.[2]

In *Guido v. Greensburg Salem School District,* 7 D. & C.3d 73 (1978) (Westmoreland County, opinion by President Judge

---

**2.** Pennsylvania Rule of Civil Procedure 4017.1 entitled "Videotape Depositions" provides as follows:

Keim), plaintiff brought a trespass action for personal injuries and settlement was reached. On the same day that settlement was approved by the court, plaintiffs filed a bill of costs which included three items which defendants claimed they were not obligated to pay.

Those items relate to certain deposition expenses incurred by plaintiffs prior to trial, namely, (a) The costs to plaintiffs of a videotape deposition of Dr. John Gaisford in the

(a) Any deposition to be taken upon oral deposition may be recorded by videotape without a stenographic transcript. Except as otherwise provided by this rule, the rules of this chapter governing the practice and procedure in depositions and discovery shall apply.

(b) Every notice or subpoena for the taking of a videotape deposition shall state that it is to be videotaped, the name and address of the person whose deposition is to be taken, the name and address of the person before whom it is to be taken, and the name and address of the videotape operator and of his employer. The operator may be an employee of the attorney taking the deposition.

(c) The deposition shall begin by the operator stating on camera (1) his name and address, (2) the name and address of his employer, (3) the date, time and place of the deposition, (4) the caption of the case, (5) the name of the witness, and (6) the party on whose behalf the deposition is being taken. The officer before whom the deposition is taken shall then identify himself and swear the witness on camera. At the conclusion of the deposition the operator shall state on camera that the deposition is concluded. When the length of the deposition requires the use of more than one tape, the end of each tape and the beginning of each succeeding tape shall be announced on camera by the operator.

(d) The deposition shall be timed by a digital clock on camera which shall show continually each hour, minute and second of each tape of the deposition.

(e) No signature of the witness shall be required.

(f) The attorney for the party taking the deposition shall take custody of and be responsible for the safeguarding of the videotape and shall permit the viewing of and shall provide a copy of the videotape or the audio portion thereof upon the request and at the cost of a party.

(g) In addition to the uses permitted by Rule 4020 a videotape deposition of a medical witness or any witness called as an expert, other than a party, may be used at trial for any purpose whether or not the witness is available to testify.

(h) At a trial or hearing that part of the audio portion of a videotape deposition which is offered in evidence and admitted, or which is excluded on objection, shall be transcribed in the same manner as the testimony of other witnesses. The videotape shall be marked as an exhibit and shall remain in the custody of the court.

amount of $220.20;  (b) The costs to plaintiffs for cancellation of a videotape deposition of Dr. Gaisford in the amount of $37.50;  and (c) The cost to plaintiffs of obtaining a transcript of the deposition of Mary Ellen Guido in the amount of $53.20.

. . . .

It is axiomatic that no costs were allowed in any proceeding at common law and the right to costs is dependent upon statute or rules of court.  See Costs, 20 C.J.S. § 2, 259;  *Tunison v. Com.*, 347 Pa. 76, 31 A.2d 521 (1943).

. . . .

This court most certainly agrees that the videotape deposition is an indispensable tool in the litigation process and that it is an efficient utilization of witness time. However, as is pointed out by plaintiffs and defendants, it is a substitution for actual appearances of the witness in court.  As defendants argue, utilization of the videotape deposition makes it unnecessary for the witness to appear in court.  If the witness were to appear in court, the only cost to be imposed would be a mileage fee and a standard witness fee.  Defendants argue, and with defendants' argument, the court must agree, that the fact that a videotape deposition is made should create no greater obligation on defendants in this case beyond the mileage and standard witness fee.  Defendants cannot be taxed with costs beyond that point in this particular case.

. . . .

The court, therefore, finds that as a matter of law, those witness fees claimed by plaintiffs as a result of the videotape deposition are not taxable costs.

*Id.* at 7 D. & C.3d at 74–79.

We conclude that, absent an agreement between the parties to the contrary, the expenses relating to videotape depositions shall be borne by the party utilizing such process under and pursuant to Rule 4017.1 of the Pennsylvania Rules of Civil Procedure.  Accordingly, we affirm the order of June 6, 1980 of Judge Wright denying plaintiffs' bill of

costs, including a charge for deposition transcripts and an item for videotape deposition and testimony.

Order of the lower court affirmed.

LIPEZ, J., files a concurring opinion.

LIPEZ, Judge, concurring:

Costs may be collected only where authorized by statute. 9 P.L.E. Costs § 96, see *Commonwealth v. Gill*, 288 Pa.Super. 538, 432 A.2d 1001 (1981). There is no statutory authority for the allowance of the costs herein claimed and hence the lower court properly disallowed them.