# Menard v. PennyMac Loan Services, LLC

*Jeffrey W. Nepa,* for plaintiffs.

*Edward W. Chang* and *Michael P. Trainor,* for defendants.

MINORA, *J.,* March 26, 2013—Before the court is defendants' motion to appeal from discovery order pursuant to Lackawanna County R.C.P. 4000.1. Defendants appeal Special Trial Master (STM) Burke's order granting plaintiffs' motion for protective order. The appeal of the defendant is denied.

## FACTUAL AND PROCEDURAL HISTORY

This case arises from an action to quiet title filed by the plaintiffs concerning a property located at 13 Marcaby Lane, Clarks Summit, Lackawanna County, Pennsylvania. Specifically plaintiffs brought their complaint against defendant corporations seeking to quiet title as to defendants' interest in the lien created by that certain mortgage between plaintiffs, as mortgagors, and eHome Credit Corp., as mortgagees, which was recorded in the Lackawanna Recorder of Deeds Office on August 19,

2004 as Instrument Number 200432076 (the "mortgage"). Plaintiffs base their claims on the assertion that defendants are not the appropriate assignees of the mortgage because there has been a break in the chain of title. Therefore, one of the main determinations is whether defendants are the rightful assignee and/or holder of the lien created by the mortgage.

The current dispute stems from defendants questioning during discovery whether plaintiffs entered into the mortgage dated August 10, 2004. In response plaintiffs objected on the grounds that the discovery request sought a conclusion of law which is an improper subject for interrogatories claiming that the word "enter" is a word of art. The plaintiffs, who currently reside in California, also refused deposition requests on the basis of undue cost and burden. Although the parties discussed the possibility of a video deposition to offset the costs of travel, they could not agree on two preconditions insisted upon by defendants. The first precondition would be for plaintiffs to agree not to object to the authenticity of the electronic copies of the note and mortgage that would be used in their video depositions. The second would be for plaintiffs to agree to pay for the additional cost of a video deposition.

As a result of the parties inability to achieve a compromise on these issues defendants served plaintiffs with their combined first requests for admissions and notice of plaintiffs depositions on June 14, 2012. Plaintiffs sought a protective order, and on July 12, 2012, the special trial master granted plaintiffs' motion for protective order thereby prohibiting defendants from taking plaintiffs' deposition. defendants bring their motion to appeal the master's order on July 20, 2012.

## LEGAL ANAYLSIS

Defendant requests that the court overrule the special trial master's order arguing whether plaintiffs willingly entered into the mortgage and note is relevant as a foundational issue in this case. Defendant also claims that the special trial masters conclusion that the court could take judicial notice of the fact that the mortgage was a valid recorded lien upon presentation of a certified copy of the mortgage is in error. Specifically, defendant asserts that there is no precedent wherein a court has taken judicial notice of the validity of a recorded mortgage.

A mortgage is a conveyance or retention of an interest in real property as security for the performance of an obligation. A mortgage is enforceable whether or not any person is personally liable for that performance. Restatement (Third) of Property (Mortgages) §1.1; *Stillwater Lakes Civic Ass'n, Inc. v. Krawitz,* 772 A.2d 118, 121 (Pa. Cmwlth. 2001). It is in essence a defeasible deed, requiring the grantee to reconvey the property held as security to the grantor upon satisfaction of the underlying debt or fulfillment of established conditions. In comparison, a note is a written promise by one party to pay money to another party. A mortgage note evidences a loan for which real property has been offered as security. Blacks Law Dictionary (9th ed. 2009).

In the present case the plaintiffs have argued that because it was only Jeffery R. Menard who signed the note, and the plaintiffs hold the property as tenants by the entireties, the Menards do not own separate divisible interests in the entireties property, and the property cannot be reached by the owners' individual creditors. Plaintiffs are essentially arguing that, Mrs. Menard, not being a

joint obligor on the note, cannot be required to contribute under any equitable doctrine part of the underlying debt which she does not owe. However, because both plaintiffs signed the mortgage, the real property to that mortgage may still be foreclosed upon. But if the proceeds from the foreclosure are insufficient and do not satisfy the note, then Mrs. Menard cannot be liable for the insufficiency. paragraph 13 on page 9 of the mortgage provides:

> "...any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent."

Under these terms, the obvious impact of the assigned mortgage is that the wife's individually owned assets and joint assets held by husband and wife, other than the subject mortgaged premises, would not be liable for claims under the mortgage. While the wife is not personally liable to the mortgagee, the mortgaged real property is subject to the lien of the mortgage. She cannot be required to pay to the mortgagee, but the mortgagee can foreclose on its real property security to collect its mortgage balance. Therefore, as seen above, defendants are correct that whether or not plaintiffs willingly entered into the mortgage and note is relevant as a foundational issue in this case, however, defendants' means of discovery are in error.

The court affirms the special trial master's decision because plaintiffs can show good cause for the issuance of a protective order due to the unreasonable expense or harm which would necessitate such an order. Pa. R.C.P. 4011, expressly prohibits discovery that is sought in bad faith; would cause unreasonable annoyance, embarrassment, oppression, burden or expense to a deponent or any person or party; relates to a matter which is privileged; or that would require the making of an unreasonable investigation by the deponent to any party or witness. Under Pa. R.C.P. 4012, "the court, for good cause shown, may issue a protective order which: prohibits discovery; limits discovery to specified terms and conditions; changes the method of discovery selected by a party," etc. Under this rule, the moving party has the burden of showing "good cause" demonstrating why the court should enter a protective order. Pa.R.C.P. 4012(a).

Defendant argues that plaintiffs cannot show good cause because defendants have previously informed plaintiffs' counsel that they are willing to agree to the video depositions, subject to their agreement (i) not to object to the authenticity of the original note and mortgage (which would be in the hands of defendants' counsel) and (ii) to cover the increased cost of a video deposition. However, defendant's preconditions are invalid, unreasonable and unenforceable. Under Pennsylvania law, the party utilizing videotape depositions must bear the expenses related to such depositions in the absence of a contrary agreement between the parties. *Kojeszewski v. Brigantine Castle and Amusement Corp.*, 302 Pa. Super. 500, 449 A.2d 28 (1982). Furthermore, defendant cannot require plaintiffs to refrain from objecting to the authenticity of the note and mortgage. Under 204 Pa. Code §91.16, participants

to a deposition shall have the right of cross-examination, objection and exception.

After reviewing the pleadings, it is evident that plaintiffs have shown good cause for the granting of a protective order under Pa.R.C.P. 4012 due to the burden of travel for a deposition and the unenforceable preconditions defendant has insisted upon and placed upon any video deposition that may be taken. Accordingly, the special trial master's July 12, 2012 order is affirmed and the plaintiffs' motion for protective order is granted.

An appropriate order follows.

### ORDER

Accordingly, this 26th day of March, 2013 Special Trial Master Burke's July 12, 2012 order is affirmed.

All responsive pleadings shall be filed by defendants within twenty (20) days of this order.