## Scott Township Appeal.

Argued April 16, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Maurice Louik,* for appellant.

*Louis D. Cooper,* for appellee.

OPINION BY RHODES, P. J., June 11, 1958:

The present proceeding originated on a petition filed in the Court of Quarter Sessions of Allegheny County by residents of Scott Township. The petition alleged that the existing division of Scott Township, a first class township, into seven wards was inequitable, and prayed for the appointment of a commission to inquire into the propriety of dividing the wards or erecting new wards in that township. The petition was filed under the provisions of The First Class Township Code, Act of May 27, 1949, P. L. 1955, as amended, 53 PS §55101 et seq. The majority of the commission appointed by the court made a report recommending that no change be made in the existing ward structure. In a minority report one member recommended an eleven-ward structure rather than the existing seven-ward structure. Thereafter, on exceptions filed to the report by the original petitioners, the Court of Quarter Sessions of Allegheny County, after hearing, entered a decree nisi consolidating wards one, two, and three into one ward, and reducing the number of wards

from seven to five. The court in banc, with one judge dissenting, entered a final decree, and also entered an order terminating the terms of the incumbent commissioners and providing for the election of new ward commissioners. Upon appeal the Supreme Court held (*Scott Township Appeal*, 388 Pa. 539, 130 A. 2d 695) that, under the provisions of the First Class Township Code, the Court of Quarter Sessions of Allegheny County did not act within the limits of its power. Therefore, the Supreme Court reversed the decree of the lower court; it ordered Scott Township to pay the costs of the appeals in the Supreme Court.

After the reversal by the Supreme Court, a motion was filed in the Court of Quarter Sessions of Allegheny County on April 25, 1957, to determine the amount of compensation to be paid the commissioners and the amount of reasonable fees for their legal counsel. The pertinent provision of the First Class Township Code, section 404, 53 PS §55404, reads: "The commissioners, appointed under the provisions of this act, shall receive such compensation as the court shall fix. The compensation of the commissioners and reasonable attorney's fees, shall be paid by the township in all cases where the prayer of the petitioners is granted, and in other cases shall be paid by the petitioners." The court below held that, in this proceeding, the prayer of the petitioners was granted, and ordered the township to pay the compensation of the commissioners and reasonable attorney's fees. The amounts are not in dispute. The Township of Scott has appealed to this Court.

The township contends on this appeal that the "prayer of the petitioners" was not granted within the meaning of the Code since the Supreme Court reversed the decree of the Court of Quarter Sessions of Allegheny County and hence the prayer of the petitioners was not ultimately granted.

The order of the court below will be reversed. That court had no authority to order the township to pay the compensation of the commissioners appointed by the court and the fees of their attorneys in this case. Any authority of the court to order such payments is purely statutory. The power to impose costs in a proceeding based on a statute must be found in the statute. *Morganroth's Election Contest Case,* 346 Pa. 327, 328, 29 A. 2d 502; *Schultz v. Mountain Telephone Company,* 364 Pa. 266, 270, 72 A. 2d 287; *Smith Case,* 381 Pa. 223, 232, 112 A. 2d 625.

The First Class Township Code contains various provisions relating to changes in the organization or composition of townships. Many of the statutory procedures specifically provide for costs. In some instances the court is given discretion as to costs; in others costs are placed upon a particular party or made conditional upon specific events. It is clear from the varied provisions in the Code as to costs that the Legislature was cognizant of the problem and plainly granted the court power to impose costs when it was so intended. A statute must be given a reasonable interpretation having regard to the object to be attained. Statutory Construction Act of May 28, 1937, P. L. 1019, article IV, §51, 46 PS §551. When construed in this manner the phrase "cases where the prayer of the petitioners is granted" means ultimately or finally granted. In the present proceeding it was not granted in this sense; the decree of the court consolidating the wards was on appeal held to be without statutory authority. There was no change in Scott Township as the result of the petition. In no respect was the prayer of the petitioners finally granted. Consequently, there was no statutory authority for the imposition of the costs on Scott Township.

The order of the court below is reversed.