# Richmond v. Pennsylvania Higher Education Assistance Agency.

Argued September 12, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Lawrence Silver,* for petitioner.

*John D. Killian,* with him *Killian & Gephart,* for respondent.

OPINION BY JUDGE MENCER, December 6, 1972:

On May 22, 1969, petitioner Kenneth W. Richmond (Richmond) filed an application with respondent Pennsylvania Higher Education Assistance Agency (PHEAA) for scholarship aid. PHEAA denied such aid to Richmond, and he appealed such denial according to PHEAA regulations. After a hearing concerning the matter on July 30, 1971, the PHEAA Hearing Examiner recommended that Richmond be granted full

scholarship aid retroactive to May 22, 1969. PHEAA subsequently accepted this recommendation.

Counsel for Richmond then demanded of PHEAA costs of $275.00 for the hearing transcript and $50.00 for the transporting of Richmond, his counsel, and witnesses to Harrisburg, for the hearing. Counsel for PHEAA replied to this request that "the Board of Directors took formal action to deny the request." Richmond then filed a Petition for Assignment of Costs with this Court. PHEAA timely filed preliminary objections to this petition challenging the jurisdiction of this Court, the sufficiency of the claim for relief, the form of the verification of the petition, and the specificity of the allegations of damages.

This action is properly within our original jurisdiction pursuant to Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L.    , No. 223, §401, 17 P.S. §211.401(a)(1), which states, in pertinent part, "The Commonwealth Court shall have original jurisdiction of: (1) All civil actions or proceedings against the Commonwealth . . . ." Section 102(a)(2) of the same Act, 17 P.S. §211.102(a) (2), defines "Commonwealth" as including "departments, departmental administrative boards and commissions, officers, independent boards or commissions, authorities *and other agencies of this Commonwealth. . . .*" (Emphasis added.) PHEAA is such an agency.

We conclude that the petition must be dismissed. The right to impose or recover costs in a proceeding based on a statute must be found in the statute; otherwise it does not exist. *Morganroth's Election Contest Case,* 346 Pa. 327, 29 A. 2d 502 (1943); *Scott Township Appeal,* 186 Pa. Superior Ct. 167, 142 A. 2d 357 (1958); *see also* 2 F. Pollock & F. Maitland, *The History of English Law* 597 (2d ed. 1898). No such authorization in this type of proceeding is contained in

the Act of August 7, 1963, P. L. 549, 24 P.S. §5101 et seq., which created the Pennsylvania Higher Education Assistance Agency. Nor have we found or been referred to any other relevant legislation on the subject.

We are urged to accept the Statute of Gloucester, 6 Edw. 1, c. 1 (1275), which is still in force in Pennsylvania (but ceased to have effect in England after 1875), as requisite statutory authorization. It is true that this statute and several other ancient English acts initiated the principle that a prevailing party is entitled to his costs, and, as a general rule of law, this principle still obtains in the Commonwealth. *See Taged, Inv. v. Zoning Board of Adjustment and Shields,* 6 Pa. Commonwealth Ct. 331, 295 A. 2d 339 (1972). But the Statute of Gloucester extends only to cases where damages are recovered in a common law forum, and then only if the damages were recoverable at common law. *Black's Appeal,* 106 Pa. 344, 15 W.N.C. 308 (1884); *Cameron v. Paul,* 11 Pa. 277 (1849); *see also* Annot., 12 A.L.R. 721, 723 (1921). As Sir Edward Coke said, "[I]t extendeth to all the legall cost of the suit, *but not to the costs and expences of his travell* and losse of time . . . ." E. Coke, *Second Institutes* 288 (1642) (emphasis added). Therefore, although liberal construction is to be given statutes providing for costs, *Steele v. Lineberger,* 72 Pa. 239 (1872), the Statute of Gloucester is clearly inapplicable to the administrative proceedings which generated the costs at issue and to the very costs claimed.

Moreover, by reason of the general immunity of the sovereign, costs cannot be placed upon the Commonwealth even under a statutory provision unless the legislative intention to do so is clearly manifest, either by express terms or necessary implication. *Tunison v. Commonwealth,* 347 Pa. 76, 31 A. 2d 521 (1943). This immunity from liability for costs is generally extended

to state officers, boards, or other agencies. See Annot., 72 A.L.R. 2d 1379, 1385, 1406 (1960).

Nor was Richmond effectively denied access to the judicial system for reasons predicated upon his wealth in contravention of *Boddie v. Connecticut*, 401 U.S. 371, 28 L. Ed. 2d 113 (1971) (indigent persons may not be prevented from bringing divorce actions except on payment of court fees and service-of-process costs which they are unable to pay), and *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891 (1956) (indigent defendants may obtain a free transcript to obtain appellate review of constitutional questions). It is apparent that Richmond's appeal was readily and efficiently handled within PHEAA. Disregarding possible counsel fees, the appeal was concluded with a minimum of expense.[1] We therefore reject Richmond's contention[2] that a dismissal of his petition will effectively terminate future challenges to adverse PHEAA rulings.

In view of our disposition of this matter, we need not consider the other questions raised by PHEAA.

### ORDER

Now, December 6, 1972, the preliminary objections of the Pennsylvania Higher Education Assistance

---

[1] Circumstances indicate that, but for reasons of haste, Richmond could have received a transcript of the hearing without charge.

[2] Quoting from *Knight v. Auciello*, 453 F. 2d 852, 853 (1st Cir. 1972): "The violation of an important public policy may involve little by way of actual damages, so far as a single individual is concerned, or little in comparison with the cost of vindication, as the case at bar illustrates. If a defendant may feel that the cost of litigation, and, particularly, that the financial circumstances of an injured party may mean that the chances of suit being brought, or continued in the face of opposition, will be small, there will be little brake upon deliberate wrongdoing. In such instances public policy may suggest an award of costs that will remove the burden from the shoulders of the plaintiff seeking to vindicate the public right."

Agency are hereby sustained, and the Petition for Assignment of Costs of Kenneth W. Richmond is dismissed.