**KELLY, WALKER & LILES, Appellant,**

v.

**Tom I. McFARLING, receiver for Pioneer Casualty Company, Appellee.**

**No. 12100.**

Court of Civil Appeals of Texas, Austin.

May 8, 1974.

Rehearing Denied May 29, 1974.

Fred S. Stradley, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

James R. Irion, III, Austin, for appellee.

O'QUINN, Justice.

Appellant is a partnership of lawyers who were attorneys defending assureds of Pioneer Casualty Company, against claims made against the policyholders, under terms of coverage under automobile liability policies issued by Pioneer. The law firm incurred expenses, and was entitled to payment for legal services, to the extent of $52,297.13 in defense of more than sixty claims prior to the date Pioneer Casualty was placed in permanent receivership by a district court of Travis County on October 14, 1970.

The attorneys filed their claim with the Receiver for Pioneer, who approved the claim but placed the law firm in the class of general unsecured creditors. Appellant brought suit in district court, and the trial court sustained the ruling of the Receiver.

The only question on appeal is whether appellant is a prior or preferred creditor for legal services rendered before permanent receivership under the provisions of Article 21.28–B, known as the Loss Claimant's Priorities Act, V.A.T.S. Insurance Code (as added by Acts 1967, 60th Leg., p. 431, ch. 196, sec. 1).

■ We will affirm judgment of the trial court that appellant is not a preferred creditor under the Loss Claimant's Priorities Act.

Appellant contends that under the definition of "loss claim" in the Loss Claimant's Priorities Act the law firm was included as "other persons" or as "a third party beneficiary" for a loss arising within the terms of coverage provided by the contract of insurance. The definition provides:

"As used in this Article, loss claim is the claim of an insured, a third party beneficiary, or any other person entitled thereto, under a contract of insurance or indemnification, for a loss arising within the terms of coverage provided in a contract of insurance or indemnification for an amount within the express limits of such insurance policy, but excluding a claim for unearned premium." (Art. 21.28–B, sec. 3)

Appellant argues that because under the basic automobile liability policy issued by Pioneer the insurer had the obligation to furnish defense to suits for damages as a part of the insurance afforded by the policy, attorneys employed to defend the insureds are "other persons", if not in fact "third party beneficiaries", for a loss arising within the terms of coverage provided by the contract of insurance.

"But for the contract," appellant says, "providing under the terms of coverage that the insurance carrier would furnish and pay for legal counsel, Appellant would not have been retained by Pioneer . . . to defend its insureds," and insists that appellant "had the right and in fact did rely upon the terms of coverage . . . that payment for legal services and expenses would be made by the insurance company. It is obvious that an attorney who spends time and money to be owed $52,297.13, and not to be paid, has incurred a loss. * * * Attorneys are other persons who sustain a loss under the terms of coverage when the legal fees and expenses are not paid. Appellant has been placed in this position and under Article

21.28–B . . . is a loss claimant under the terms of coverage and should be construed as a prior claimant."

In enacting the Loss Claimant's Priorities Act in 1967, the Legislature stated the purpose of the Act at length:

"Sec. 2. Purpose.—The purpose of this Article as amendatory of the Insurance Code is to provide for the protection of the person with a loss claim against an insurer subject to an insolvency, liquidation, or bankruptcy proceeding, by creating a preference in payment of his loss claim prior to, during or in respect of that proceeding. It is the sense of the Legislature that the purpose of insurance as an instrument of progress and as an invention of society is for the many to share the financial burdens of the few who suffer loss. An individual bands together with other individuals by the purchase of insurance to assure that the financial burdens incurred by his loss which he alone cannot bear will be shared by others; the private insurer accomplishes this purpose by collecting premiums from its policyholders for distribution to those policyholders who suffer a loss. The purpose for which private insurers exist and the reason for which an individual purchases insurance are defeated by the failure to give preference in the payment of loss claims over other claims. It is the purpose of this Article to establish a preference in the payment of the whole of the amount of loss claims against an insurer that is the subject of an insolvency, liquidation, or bankruptcy proceeding."

■ Appellant law firm was employed by Pioneer as part of the insurance company's obligation to defend claims against its policyholders, and the policyholders were not called upon to bear the cost, or loss, that would have been incurred but for the furnishing of such legal services. We do not believe the Legislature intended to afford priorities to attorneys employed by the insurer under such contracts between

the company and its lawyers. If the company failed to defend, and the policyholder was put to the expense of his own defense, the policyholder became the direct claimant, not only for the indemnity to which he was entitled, but also for the additional loss occasioned by the company's failure to meet its obligation to defend.

The pervading note of the "purpose clause" as quoted above is the relationship between the insured and the private insurer and the loss claims the policyholder may have against the insurer. There the Legislature significantly asserts, "The purpose for which private insurers exist and the reason for which an individual purchases insurance are defeated by the failure to give preference in the payment of loss claims over other claims." In the case before us, we consider appellant's claim to be among "other claims," over which the insured's claim has priority by reason of the Act. Appellant's claim was properly held by the trial court to be in the class of general unsecured creditors and without the priority provided under the Act.

The judgment of the trial court is affirmed.