## Commonwealth v. Firestone

*James R. DiFrancesco,* of *DiFrancesco & Di-Francesco,* for Commonwealth.

*Dean A. Bowman,* of *Kimmel & Rascona,* for appellant.

COFFROTH, *P. J.,* June 19, 1974—This is an appeal from defendant's motor vehicle operator's license suspension ordered by the Secretary of Transportation on the ground that defendant failed to appear for a hearing on March 20, 1972, in answer to a speeding summons, in violation of section 618(b) (6) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618. That subsection authorizes suspension ". . . after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence: . . .That such person has failed to pay a fine, properly imposed by any court of this Commonwealth or of any state, or has failed to appear for a hearing before a court of competent jurisdiction of this Commonwealth or of any state, upon being notified as provided by law. . ."

Defendant concedes that he paid no fine and attended no hearing, but asserts that no fine was properly imposed upon him by any court and that he was not notified to appear before any court. He testified that he was neither arrested nor prosecuted for any such alleged speeding offense.

It is settled that in an appeal of any suspension made under section 618(b), the Commonwealth must prove by a preponderance of competent evidence, in a de novo hearing before the court, that defendant *committed* the acts which authorize suspension: Commonwealth v. Walker, 26 Somerset 140 (1970) 55 D. & C. 2d 395; Commonwealth v. Coleman, 26 Somerset 134 (1970).

Under section 618(b)(6), the essential proof is that: (1) A court properly imposed a fine on defendant which he has failed to pay, or (2) defendant was lawfully notified to appear for a hearing before a court of competent jurisdiction and failed to appear.

The Commonwealth has not produced any of the required proof; it produced no witness. At an earlier hearing, we granted the Commonwealth's motion for a continuance because of the absence of the prosecuting officer to allow another opportunity to produce him, but he did not appear at the final hearing. The Commonwealth produced no competent documentary evidence of the imposition of any fine upon defendant, nor of any notice to him to appear before any court. The Commonwealth's whole case consists of the certified exhibits from the department's file consisting of copy of notice of departmental hearing, copy of suspension notice, and copy of defendant's vehicle record.* As respects the operative facts required to sustain this suspension, the records are hearsay and self-serving to the Commonwealth and, therefore, incompetent as evidence.

As we said in Commonwealth v. Hostetler, supra, at page 6:

"If the Commonwealth expects to sustain its enforcement powers, it must meet its legitimate burdens of proof when the application of those powers is judicially challenged."

---

* There is no evidence of mailing any of the certified notices, but defendant in his appeal petition acknowledges receipt of the suspension notice. Compare Commonwealth v. Marts, 29 Somerset 1, and Commonwealth v. Hostetler, 29 Somerset 3.

## ORDER

Now, June 19, 1974, the appeal is sustained and the suspension order is reversed. Costs on appellant: Bricker Motor Vehicle Operator License Case, 25 D. & C. 2d 371, 196 Pa. Superior Ct. 362, 175 A.2d 163 (1961); Richmond v. Pennsylvania Higher Education Assistance Agency, 6 Pa. Commonwealth Ct. 612 (1972).