Robert K. Greenfield, I. I. Jamison, Allen J. Levin, Alvin J. Ivers, Ragan A. Henry, Nathan L. Edelstein, S. Laurence Shaiman, Donald F. Sileo, Albert E. Janke, Jr., Steven J. Serling, Edward L. Edelstein, Jeremy E. Goldstein, Lyle F. Hilton, Richard M. Segal, Libby G. Fishman, Jerry H. Dolchin, and Edward L. Kuntz, trading as Goodis, Greenfield, Henry, Shaiman & Levin, a Partnership, Plaintiffs *v.* The Pennsylvania Insurance Guaranty Association, Defendant.

Argued January 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert K. Greenfield,* with him *Edward L. Kuntz,* and *Goodis, Greenfield, Henry, Shaiman & Levin,* for plaintiffs.

*James J. McCabe,* with him *Carl N. Martin, II,* and *Duane, Morris & Heckscher,* for defendant.

OPINION BY JUDGE ROGERS, March 18, 1976:

The plaintiffs in this suit in assumpsit brought in this Court are the members of a Philadelphia law partnership. The defendant is The Pennsylvania Insurance Guaranty Association, a creature of legislation. The Pennsylvania Insurance Guaranty Association Act, Act of November 25, 1970, P.L. 716, 40 P.S. §1701.101 et seq.

The plaintiffs' complaint states that they performed legal services in defense of claims and lawsuits brought by persons insured by Gateway Insurance Company; that on August 21, 1974 a judge of this Court ordered the liquidation of Gateway under the direction of the Pennsylvania Insurance Commissioner as statutory liquidator;[1] that pursuant to an order of this Court the plaintiffs delivered files and other materials regarding the claims and lawsuits defended by them to The Pennsylvania Insurance Guaranty Association; that the fair and reasonable value of the plaintiffs' services was $54,760; that

---

1. Pursuant to Section 502 of The Insurance Department Act of one thousand nine hundred and twenty-one, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §202.

the plaintiffs have an attorney's retaining lien on the files and other materials delivered to the defendant; that the defendant has a statutory obligation to pay the plaintiffs their bills for legal services for Gateway; and that the defendant by requiring the plaintiffs to deliver the files assumed an obligation to discharge the plaintiffs' retaining liens by paying their bills for services.

The defendant, The Pennsylvania Insurance Guaranty Association, has filed preliminary objections asserting under the heading Demurrer no less than 20 reasons why the complaint should be dismissed. Included is the assertion that this Court is without jurisdiction.

At oral argument, the defendants failed to press the matter of our jurisdiction. We, however, raised the matter at argument and directed the filing of supplemental briefs on this issue. Both parties now contend that this Court has jurisdiction. We disagree.

Section 401 (a) (1) of the Appellate Court Jurisdiction Act confers on the Commonwealth Court original jurisdiction of civil actions or proceedings against the Commonwealth. Act of July 31, 1970, P.L. 673, 17 P.S. §211.401. The same Act defines the Commonwealth as including departments, departmental administrative boards and commissions, officers, independent boards or commissions, authorities and "other agencies of this Commonwealth." Section 102 (a) (2), 17 P.S. §211.102 (a) (2).

Examination of The Pennsylvania Insurance Guaranty Association Act convinces us that the Association thereby created is not an agency of the Commonwealth. The stated purpose of the Act is to provide a means for the payment of covered claims under certain property and casualty insurance policies in order to avoid delay and loss of claims for policy holders as a result of the insolvency of the insurer. Section 102, 40 P.S. §1701.102. The membership of the Association includes every insurer authorized to write property and casualty insurance policies within the Commonwealth. The Association is

given the power to employ and retain persons necessary to perform its functions, to borrow money and to enter into contracts. It is further empowered to develop its own plan of operation and select its own board of directors. Section 202, 40 P.S. §1701.202. The Association and its functions are entirely funded by assessments made by the Association upon its members. Section 301, 40 P.S. §1701.301. While the Act confers extensive supervisory powers upon the Pennsylvania Insurance Commissioner, those powers are not materially different from those given the Commissioner with respect to private insurance companies by the Insurance Department Act of one thousand nine hundred and twenty-one, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §1 et seq. Indeed, the Legislature, in apparent recognition that The Pennsylvania Insurance Guaranty Association as created was essentially private and independent of the State, gave the Commissioner the same powers of supervision, regulation, visitation and examination with respect to the Association as he had been given with respect to private companies by the Insurance Department Act of one thousand nine hundred and twenty-one. Section 203 of The Pennsylvania Insurance Guaranty Association Act, 40 P.S. §1701.203. Negatively, we note that the Act establishing the Association does not state that it is an instrumentality of the Commonwealth and that the Association is entirely funded by its members. Nor does the Commonwealth provide it with counsel, as evidenced by the fact that it is represented in this proceeding by a private Philadelphia law firm.

Two cases support our holding that the Association is not a State agency for purposes of our jurisdiction. In *Richmond v. Pennsylvania Higher Education Assistance Agency,* 6 Pa. Commonwealth Ct. 612, 297 A.2d 544 (1972), we held that the Pennsylvania Higher Education Assistance Agency was an agency of the Commonwealth. The Act of August 7, 1963, P.L. 549, *as amended,* 24 P.S.

§5101 et seq., reveals that PHEAA is denominated a government instrumentality; that the members of the board of directors are appointed by the Governor, the President Pro Tempore of the Senate or Speaker of the House, that on dissolution its assets become the property of the State; and that at least part of its operating expenses is provided by a yearly appropriation by the General Assembly—none of which indices of State agency exist with respect to the Pennsylvania Insurance Guaranty Association.

Also of significance is *Burton v. Temple University Law School,* 18 Pa. Commonwealth Ct. 306, 335 A.2d 830 (1975), where, although noting that the Temple University-Commonwealth Act declares the University to be an instrumentality of the Commonwealth, one-third of its board is appointed by the Governor and substantial State funding provided, we, nevertheless, held the University not to be an agency of the Commonwealth for purposes of our jurisdiction. *See also Mooney v. Temple University Board of Trustees,* 448 Pa. 424, 292 A.2d 395 (1972). In our view, the organizational framework of Temple more nearly resembles that of PHEAA than does that of The Pennsylvania Insurance Guaranty Association.

We therefore enter the following

### ORDER

AND Now, this 18th day of March, 1976, pursuant to the provisions of Section 503 (b) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.503 (b), the above matter is hereby transferred to the Court of Common Pleas of Philadelphia County and the Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries of the above matter and transmit to him the record of said matter. The Chief Clerk is further directed to mail copies of this transfer order to all counsel.