256 Pa. Superior Ct. 136 (1978)
389 A.2d 638
Robert K. GREENFIELD, I.I. Jamison, Allen J. Levin, Alvin J. Ivers, Ragan A. Henry, Nathan L. Edelstein, S. Lawrence Shaiman, Donald F. Sileo, Albert E. Janke, Jr., Steven J. Serling, Edward L. Edelstein, Jeremy E. Goldstein, Lyle F. Hilton, Richard M. Segal, Libby G. Fishman, Jerry H. Dolchin and Edward L. Kuntz, trading as Goodis, Greenfield, Henry, Shaiman & Levin, a partnership, Appellants,
v.
The PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION.
Superior Court of Pennsylvania.
Argued September 15, 1977.
Decided July 12, 1978.
*137 Howard D. Scher, Philadelphia, with him Goodis, Greenfield, Henry & Edelstein, Philadelphia, for appellants.
James J. McCabe, Jr., Philadelphia, with him Carl N. Martin, II, and Duane, Morris & Heckscher, Philadelphia, for appellee.
Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.
CERCONE, Judge:
This is an appeal from an order of the Court of Common Pleas of Philadelphia County, dismissing appellants' assumpsit complaint for failure to state a cause of action.[1]
According to the complaint, appellants, a law firm, were engaged by Gateway Insurance Company to defend claims against persons insured by Gateway. They furnished legal services valued at $54,760.00 until August 21, 1974. On that date Gateway was ordered liquidated as it had become insolvent. Appellants have never been paid for the legal services they rendered prior to liquidation and now seek to recover payment from defendant, Pennsylvania Insurance Guaranty Association (P.I.G.A.).
P.I.G.A., which is now responsible for paying claims under policies issued by Gateway, was created by the Act of November 25, 1970, P.L. 716, No. 232, 40 P.S. 1701.101 et seq. *138 Every insurer writing property and casualty policies in Pennsylvania is required to participate and to pay a periodic assessment. The purpose of the Act is set forth in Section 1701.102 which reads in pertinent part:
"The purposes of this Act are:
(1) To provide a means for the payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay of payment of such claims, and to avoid financial loss to claimants or policy holders as a result of the insolvency of an insurer . . ."
Section 1701.201 of the Act makes clear that the only disbursements the P.I.G.A. may make, except for expenses necessarily involved in carrying out its functions, are those that satisfy "covered claims," defined as follows in Section 1701.103(5)(a):
"`Covered claim' means an unpaid claim, including a claim for unearned premiums, which arises under a property and casualty insurance policy of an insolvent insurer . ."
Section 1701.201 also provides that:
". . .
(1) The association shall
.....
(iv) Investigate claims brought against the association and adjust, compromise, settle, and pay covered claims to the extent of the association's obligation and deny all other claims[.] [Emphasis added.]"
Appellants admit that their claim for fees is not a covered claim, but contend that it is nevertheless an obligation of P.I.G.A. under Section 1701.201(b)(1)(ii) which states:
"(1) The association shall:
Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and obligations of the insolvent insurer as if that insurer had not become insolvent."
Appellants' theory is that because Gateway's policies contain language obligating it to defend suits against the *139 policyholders,[2] Gateway's obligation to pay the attorneys that did the defending is an obligation on a claim arising under a policy and, therefore, an obligation that P.I.G.A. assumed when Gateway was declared insolvent.
We reject appellants' contention. The obligation Gateway had to its policyholders was to defend. Once it obtained the services of appellants for its policyholders that obligation was fulfilled. The obligation to pay for the services was not an obligation to the insureds, who, having already received the legal services, were deprived of nothing by Gateway's failure to pay appellants' fees. The mere fact that the obligation to the appellants would not have been incurred but for the obligation to the policyholders does not make it an obligation arising under the policies Gateway issued. If but-for causation were the criterion, any person who incurred a new contractual obligation in order to fulfill an old one would be subject to suit on the first contract by the obligee on the second, notwithstanding the latter's status as a stranger to the contract. As a Michigan trial court observed in deciding an identical claim against the Michigan equivalent of the P.I.G.A., in Metry, Metry, Sanon and Ashare v. Michigan Property and Casualty Guaranty Association, remanded on other grounds, 79 Mich.App. 226, 261 N.W.2d 267 (1977):
"An extension of plaintiff's logic would permit claims adjustors and other employees to similarly recover covered claims for their wages under the Act in that they would not have been hired but for an insurance company's issuance of its policy contracts.
.....
Attorneys hired by insolvent insurers prior to insolvency are general creditors, as are attorneys hired by other insolvent businesses, and they are not entitled to any special preference. They are entitled only to a proportionate *140 share of the assets of the receivorship estate of the insolvent insurer. There is no reason why attorneys should receive favored status over claims made by other general creditors of an insolvent insurer."
See also Kelly, Walker and Liles v. McFarling, 509 S.W.2d 659 (Texas 1974), in which a Texas statute giving similarly defined "covered claims" priority in the distribution of the insolvent insurer's assets by the receiver was held not to include claims for legal fees earned prior to insolvency.
It should be noted that our decision does not leave appellants without any means of being compensated for their services to Gateway. They are entitled, as are the rest of Gateway's general creditors, to seek a proportionate share of its assets from its statutory receiver, the Insurance Commissioner. Act of May 17, 1921, P.L. 789, art. V, § 506, amended June 12, 1951, P.L. 515 § 1, 40 P.S. 206.
Order affirmed.
WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.
NOTES
[1] The complaint was originally filed in the Commonwealth Court, which held that defendant is not an agency of the Commonwealth within the meaning of the statute giving that court original jurisdiction of civil actions against the Commonwealth and its agencies. Greenfield v. Pennsylvania Insurance Guaranty Association, 24 Pa. Cmwlth. 127, 353 A.2d 918 (1976).
[2] Appellants' complaint did not plead that Gateway's provision of legal services to its insureds was done pursuant to policy language obligating it to do so. We assume, strictly for the sake of argument, that this omission may be overlooked.