449 A.2d 688

## PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY

v.

**James A. BARKSDALE and Cynthia Barksdale.**

### Appeal of Cynthia BARKSDALE.

Superior Court of Pennsylvania.

Submitted April 22, 1981.

Filed Aug. 13, 1982.

Stephen R. Krone, Harrisburg, for appellant.

Betty Perry, Harrisburg, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

The underlying factual pattern presented by this case is the all-too-familiar situation in which the recipient of a student loan decides to default upon her promise to repay that loan.

Complaint was filed on August 22, 1977. Appellant, the defaulting student, filed Preliminary Objections to the complaint alleging that venue was improper. The matter was listed for argument on August 18, 1980 and the preliminary objections to venue were dismissed by order of the court below on October 31, 1980. Appellants appealed to the Superior Court from this issue on November 12, 1980. On November 18, 1980, appellee filed Application for Transfer of Appeal to the Commonwealth Court.

We agree with appellee that jurisdiction is proper in the Commonwealth Court, and such a transfer is hereby ordered pursuant to Pa.R.A.P. 751 and 752.

Section 102 of the Judiciary and Judicial Procedure, found at 42 Pa.C.S.A., defines **"Commonwealth government"** in pertinent part as follows:

> The government of the Commonwealth, including . . . the departments, boards, commissions, authorities and offices and agencies of the Commonwealth. . .

Section 762 sets forth the jurisdiction of the Commonwealth Court on appeals:

## § 762. Appeals from courts of common pleas

(a) General rule.—Except as provided in subsection (b), the Commonwealth Court shall have *exclusive jurisdiction of appeals from final orders of the courts of common pleas* in any of the following cases:

(1) Commonwealth civil cases.—*All civil actions or proceedings to which the Commonwealth* or any officer or employee thereof, acting in his official capacity or within the scope of his duties, *is a party,* including actions or claims in which sovereign immunity has been waived pursuant to Section 5110 (relating to limited waiver of sovereign immunity), except actions or proceedings in the nature of application for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court. (Emphasis supplied.)

The Pennsylvania Higher Education Assistance Agency (PHEAA) is undeniably an agency of the Commonwealth. *Richmond v. Pennsylvania Higher Education Assistance Agency,* 6 Pa.Cmwlth. 612, 297 A.2d 544 (1972).

Appellants argue, however, that PHEAA does not fit the designation of "Commonwealth" as used in the statute, making a distinction between agencies that are synonymous with "Commonwealth" and agencies which are independent enough to be disqualified. This is a dead argument, settled by case law:

We recognize that other agencies have been found by this Court not to be the "Commonwealth" despite apparently contrary language in their enabling statutes. *Southeastern Pennsylvania Transportation Authority v. Kohn,* 18 Pa.Cmwlth. 546, 336 A.2d 904 (1975). This not not such a case. Defendant's status may be compared to the Pennsylvania Higher Education Assistance Agency (PHEAA) in *Richmond v. Pennsylvania Higher Education Assistance Agency,* 6 Pa.Cmwlth. 612, 297 A.2d 544 (1972), where we found PHEAA to be the "Commonwealth" as defined in the ACJA. PHEAA was created as a public corporation and instrumentality of the Commonwealth and, like the defendant, lacks power to pledge the credit of the Com-

monwealth but does receive appropriations from the legislature to partially fund its operations. *Kennedy v. Delaware River Joint Toll Bridge Commission*, 23 Pa.Cmwlth. 662, 354 A.2d 52 (1976).

PHEAA is an agency of the Commonwealth which qualifies under the designation "Commonwealth" in § 762 set forth *supra.*

The Commonwealth Court therefore has exclusive jurisdiction over this matter upon appeal, and we hereby transfer this appeal to the Commonwealth Court. Pa.R.A.P. 752.

So ordered.