Pennsylvania Higher Education Assistance Agency, Appellant *v.* John I. Xed, a/k/a John I. Washington, a/k/a John Ira Washington, Appellee.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Betty F. Perry, Killian & Gephart,* for appellant.

*Sharon L. Steingard, Leonard M. Sagot Associates,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 3, 1983:

The Pennsylvania Higher Education Assistance Agency (PHEAA) appeals from an order of the Court of Common Pleas of Dauphin County dismissing PHEAA's suit in assumpsit against John I. Xed, the appellee herein. In dismissing the suit, the trial court concluded that the action was barred by a six-year statute of limitations.

PHEAA is a statutorily created instrumentality that guarantees educational loans made to persons pursuing higher education. *See* Act of August 7, 1963, P.L. 549, *as amended,* 24 P.S. §§5101 *et seq.* PHEAA's action against Xed was commenced by a complaint in assumpsit filed in the Court of Common Pleas of Dauphin County on May 28, 1980. The suit was based on a promissory note allegedly executed by Xed on August 26, 1971, by which he obtained, from the Girard Bank in Philadelphia, a $1500 educational loan guaranteed by PHEAA.[1] The complaint further alleged that Xed had defaulted on the note as of November 1, 1972; and that the Girard Bank had assigned the note to PHEAA on March 30, 1974. By its complaint, PHEAA de-

---

[1] The promissory note bears the signature "John Ira Washington" as the borrowing student. At the top of the note is typed the name "John I. Washington" as the student borrower. The plaintiff's complaint names the defendant as being "John I. Xed a/k/a John I. Washington a/k/a John Ira Washington."

manded judgment against the defendant in the amount of $2107.56, which represented the principal indebtedness and interest.

Defendant Xed responded to PHEAA's complaint with an answer that included new matter. The new matter asserted, as an affirmative defense, that the plaintiff's action was barred by the six-year statute of limitations dictated by 42 Pa. C. S. §5527(2) for suits upon written instruments. PHEAA filed a reply, asserting that it was an agency of the Commonwealth and that the statute of limitations does not apply to the Commonwealth. Based on his asserted affirmative defense, the defendant next filed a motion for judgment on the pleadings.

On January 29, 1981, the trial court entered an order granting the defendant's motion and dismissing the plaintiff's complaint. In so ordering, the court concluded that, although PHEAA is an agency of the Commonwealth, the Commonwealth could no longer avail itself of the doctrine of *nullum tempus occurrit regi*.[2] In concluding that the doctrine no longer applied, the trial court relied on our decision in *Department of Transportation v. J. W. Bishop & Co., Inc.*, 55 Pa. Commonwealth Ct. 377, 423 A.2d 773 (1980), in which our Court undertook to abolish the doctrine of *nullum tempus*. From the trial court's order of January 29, 1981, PHEAA filed the instant appeal.

In this appeal, PHEAA has renewed its assertion that it is an agency of the Commonwealth, and urged us to reconsider our decision in *J. W. Bishop, supra*. We agree with the appellant's first point; for we have held that PHEAA is an agency of the Commonwealth government. *Richmond v. Pennsylvania Higher Edu-*

---

[2] Literally translated, this language means "time does not run against the king." In our jurisprudence, the doctrine refers to the Commonwealth's general exemption from the operation of a statute of limitations in civil proceedings.

*cation Assistance Agency,* 6 Pa. Commonwealth Ct. 612, 297 A.2d 544 (1972). As for the *nullum tempus* issue, the Supreme Court of Pennsylvania has reversed our decision in *J. W. Bishop, supra,* and has reaffirmed the applicability of the doctrine. *Department of Transportation v. J. W. Bishop & Co., Inc.,* 497 Pa. 58, 439 A.2d 101 (1981). Thus, the assumpsit action brought by PHEAA was not subject to the operation of the statute of limitations raised by the defendant.

For the reasons set forth, we must reverse the trial court's order.

### ORDER

AND Now, the 3rd day of March, 1983, the order of the Court of Common Pleas of Dauphin County dated January 29, 1981, at No. 2849 S 1980, is reversed; and the said Court of Common Pleas is hereby directed to reinstate the plaintiff's complaint in assumpsit.