## Bamford v. Pennsylvania Insurance Guarantee Assn.

*Bruce C. Bankenstein,* for petitioner.
*Joseph M. Hankins,* for respondent.

RAUHAUSER, JR., *J.,* February 7, 1986—This matter is before the court on respondents' motion to dismiss for lack of subject-matter jurisdiction petitioner's petition for review attempting to invoke the appellate jurisdiction of the York County Court of Common Pleas.

In his petition, petitioner John Bamford, alleges that he was involved in an automobile accident on November 19, 1977, in York County, Pa., in which he was wrongfully struck by an automobile driven by John S. Hubert. On November 2, 1978, petitioner filed a complaint in trespass against Mr. Hubert seeking recovery for damages he sustained in the accident.

At the time of the accident, Mr. Hubert was insured by the Safeguard Mutual Insurance Company. Since that time, however, Safeguard has been declared insolvent and has been placed into liquidation by the Pennsylvania Department of Insurance.

Petitioner alleges in his petition for review that he filed a claim with the Pennsylvania Insurance Department. Petitioner further alleges that the Pennsylvania Insurance Department referred that claim to respondent, Pennsylvania Insurance Guaranty Association (hereinafter referred to as PIGA). PIGA in turn referred the claim to its subcontractor, respondent, GAB Business Services Inc.

On July 1, 1983, respondent, GAB Business Services Inc. notified petitioner, through his counsel, "that no payment will be made to you through the PIGA program, since other insurance was available to you. (Petitioner's Exhibit "A" attached to Petition for Review).

Petitioner alleges the full amount of his said claim is $28,603 but the claim has been reduced by $15,000 upon payment to petitioner by his own insurance company.

On these facts the question presented is whether this court has appellate jurisdiction of a decision of respondent Pennsylvania Guarantee Association, and respondent, GAB Business Services Inc. pursuant to 42 Pa.C.S. §933(a) (1981).

The court holds that it does not have appellate jurisdiction of a decision of the Pennsylvania Guarantee Association and the GAB Business Services Inc., pursuant to 42 Pa.C.S. §933(a) (1981).

Section 933(a) provides that each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in certain enumerated cases.

(2) Appeals from government agencies, except Commonwealth agencies, under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise.

(3) Appeals jurisdiction of which is vested in the courts of common pleas by any statute hereafter enacted.

The terms "Commonwealth agency" and "government agency" are expressly defined in 42 Pa.C.S. §102 (1981). A "commonwealth agency" is an "executive agency" which is "The Governor and the departments, boards, commissions, authorities and other officers and agencies of the Commonwealth government, but the term does not include any court or other officer or agency of the unified judicial system, the General Assembly and its officers and agencies, or any independent agency" or any "independent agency," which is "boards, commissioners, authorities and other agencies and officers of the Commonwealth government which are not subject to the policy supervision and control of the Governor, but the term does not include any court or other officer or agency of the unified judicial system of the General Assembly and its officers and agencies." 42 Pa.C.S. §102 (1981). A "government agency" is defined as "any Commonwealth agency or any political subdivision or municipal or other lo-

cal authority, or any officer or agency of any such political subdivision or local authority." Id.

Neither the Pennsylvania Insurance Guaranty Association nor the GAB Business Services Inc. are a Commonwealth agency or government agency as those terms are defined in section 933 defining the court's appellate jurisdiction.

Furthermore, the Commonwealth Court of Pennsylvania has held that the Pennsylvania Insurance Guaranty Association is not an agency of the Commonwealth. Greenfield v. Pennsylvania Insurance Guaranty Association, 24 Pa. Commw. 127, 353 A.2d 918 (1976). e.g., Pennsylvania Higher Education Assistance Agency v. Reid, 15 D. & C. 3d 661 (1980).

Also, petitioner states in his petition for review that respondent, GAB Business Services Inc. is a private adjusting corporation. See p. 1 para. 3 of petitioner's petition.

It is the opinion of this court that it lacks subject-matter jurisdiction to consider an appeal from a decision of respondents, Pennsylvania Insurance Guaranty Association and the GAB Business Services Inc. since they are not Commonwealth agencies or government agencies pursuant to 42 Pa.C.S. §933 (1981).

*§933 Appeals from government agencies.

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have jurisdiction of appeals from final orders of government agencies in the following cases:

(1) Appeals from Commonwealth agencies in the following cases:

(i) Determinations of the Department of Health in connection with any matters concerning birth

records. Except as prescribed by general rules, the venue of such matters shall be as provided in 20 Pa.C.S. §711(9) (relating to birth records) and 20 Pa.C.S. §713 (relating to special provisions for Philadelphia County).

(ii) Determinations of the Department of Transportation appealable under the following provisions of Title 75 (relating to vehicles):

Section 1377 (relating to judicial review of denial or suspension of registration).

Section 1550 (relating to judicial review).

Section 4724(b) (relating to judicial review).

Section 7303(b) (relating to judicial review).

Section 7503(b) (relating to judicial review).

Except as otherwise prescribed by general rules, the venue shall be in the county of the principal place of business of any salvor or messenger service, the location of any inspection station involved or the residence of any individual appellant where the venue is not otherwise fixed by this sentence. In the case of a nonresident individual, venue, except as otherwise prescribed by general rules, shall be in the county in which the offense giving rise to the recall, cancellation, suspension or revocation of operating privileges occurred.

(iii) Determinations of the Secretary of the Commonwealth appealable under the act of June 3, 1937, (P.L. 1333), known as the "Pennsylvania Election Code," except matters involving statewide office. Except as otherwise prescribed by general rules, the venue of such matters shall be as provided in the act.

(iv) Determinations of the Workmen's Compensation Appeal Board appealable under the act of June 21, 1939, P.L. 566, known as "The Pennsylvania Occupational Disease Act." Except as otherwise

prescribed by general rules, the venue of such matters shall be as provided in section 427 of the act.

(v) Determinations of the Pennsylvania Liquor Control Board appealable under the act of April 12, 1951, P.L. 90, known as the "Liquor Code", except matters appealable under sections 433, 444 or 710 of the act. Except as otherwise prescribed by general rules, the venue of such matters shall be as provided in the act.

(vi) Determinations of the Department of Revenue reviewable under the act of June 15, 1961 P.L. 373, known as the "Inheritance and Estate Tax Act of 1961," or under any predecessor statute, in connection with the administration of the estate of a decedent. Except as otherwise prescribed by general rules, the venue of such matters shall be in the court having jurisdiction over the administration of the related estate.

(vii) Except where an employee of the Commonwealth is involved, determinations of the Pennsylvania Labor Relations Board under the act of July 23, 1970 P.L. 563, known as the "Public Employee Relations Act." Except as otherwise prescribed by general rules, venue shall be in any county where the unfair labor practice in question was alleged to have been engaged in, or wherein the appellant or employer in a representation case resides or transacts business.

(viii) Determination of an arbitration panel established under the act of October 15, 1975 P.L. 390, known as the "Health Care Services Malpractice Act." Except as otherwise prescribed by general rules, venue shall be in the county where the cause of action arose.

(ix) Determinations of the Department of Labor and Industry of the Department of Commerce reviewable under the act of December 15, 1980 P.L.

1203, known as the "Building Energy Conservation Act." Except as otherwise prescribed by general rules, venue shall be in the county where the building is located.

## ORDER

And now, this February 7, 1986, respondents' motion to dismiss is granted and petitioner's petition for review is dismissed.